UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| PACIFIC BELL TELEPHONE COMPANY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> 88 CONNECTION CORPORATION, et al., <br><br> Defendants. | Case No. 15-cv-04554-LB <br><br> **ORDER GRANTING PLAINTIFFS'** *EX PARTE* **APPLICATION FOR ORDER AUTHORIZING ALTERNATIVE SERVICE OF PROCESS** <br><br> Re: ECF No. 15 |

## INTRODUCTION

The plaintiffs, Pacific Bell Telephone Company, et al. ("Pacific Bell"), sued the defendants, 88 Connection Corporation ("88 Connection") and Gang Zhao, also known as Charlie Zhao ("Zhao") for violation of federal tariffs relating to long-distance telephone access charges. (Complaint, ECF No. 1.[1]) Pacific Bell unsuccessfully tried to effect service on 88 Connection and Mr. Zhao on numerous occasions. (Application, ECF No. 15 at 2-3.) Pacific Bell seeks to serve the defendants by alternative methods including email, publication, and through the California Secretary of State. (*Id.* at 5-8.) The court finds the matter suitable for determination without oral argument under Civil Local Rule 7-1(b). The court grants Pacific Bell's application to serve the defendants by

---

[1] Citations are to the Electronic Case File ("ECF"); pin cites are to the ECF-generated page numbers at the tops of documents.

ORDER (No. 15-cv-04554-LB)

1   email and through the Secretary of State because these methods are reasonably calculated to
2   apprise the parties of the pendency of the action, considering Pacific Bell's inability to serve the
3   defendants personally.

## STATEMENT

5   Pacific Bell filed the complaint on October 2, 2015, (Complaint, ECF No. 1.) and issued
6   summons on October 5, 2015. (Summons, ECF No. 7.) A substantial investigation conducted by
7   Pacific Bell's in-house counsel ascertained the addresses listed on the summons for 88 Connection
8   and Mr. Zhao. (Selin Decl., ECF No. 15-1 at 2, ¶ 2.) Pacific Bell successfully served Mr. Zhao in a
9   debtor judgment proceeding before this court at his home address at 501 Beale St., Apt. 1C, San
10  Francisco, CA 94105, and Mr. Zhao appeared before the court in that matter on September 23,
11  2015. (*Id.* at 2-3, ¶ 2.) Process servers also monitored the business address for 88 Connection at
12  2525 Van Ness Ave. #221, San Francisco, CA 94109, but determined that the corporation moved
13  out from that address in April 2015. (*Id.* at 3-5, ¶¶ 5, 6, 8-9; *id.* at 7.)
14  The effort of multiple professional process servers was unsuccessful throughout the period of
15  October 2015 to February 2016. (*Id.*) The servers attempted process on eighteen different days in
16  October 2015. (*See id.* at 10-11.) Except for one attempt on October 12, when a man claiming to
17  be Mr. Zhao's nephew answered the door and said that Mr. Zhao was not at home, the server did
18  not observe anyone at the home address during all of October. (*Id.* at 10-12.) Pacific Bell
19  broadened their search for Mr. Zhao and attempted service at three additional addresses in San
20  Francisco on November 10, 2015, in addition to numerous additional attempts at the Beale St.
21  address. (*Id.* at 17.) The On November 19, 2015, the server spoke with a security guard at Mr.
22  Zhao's home address, who told him that Mr. Zhao was "still paying rent" but that he had not seen
23  Mr. Zhao in three weeks. (*Id.* at 4, ¶ 6; *id.* at 17.) Many of the attempts to serve Mr. Zhao at his
24  Beale St. address in November were "stakeouts" where the process server waited for hours at a
25  time. (*Id.*) The servers made further attempts at service in December 2015 and January and
26  February 2016. (*Id.* at 22.) On February 24, 2016, a guard told the server that she had not seen Mr.
27  Zhao "in months." (*Id.*)
28  Mr. Zhao admitted under oath in another proceeding to using two email addresses in

ORDER (No. 15-cv-04554-LB)        2

United States District Court
Northern District of California

connection with 88 Connection: charliezhao88@gmail.com and Charlie@88card.com. (*Id.* at 31.) Mr. Zhao admitted to using the latter of those two addresses primarily for his business. (*Id.*)

On February 25, 2016, Pacific Bell filed this *ex parte* application seeking an extension of the period for service, a continuance of the initial case management conference, and alternative methods of service, including by email, publication, and through the California Secretary of State. (*See* Application, ECF No. 15.)

On February 29, 2016, the court granted a 90-day extension for service of summons and complaint for good cause under Federal Rule of Civil Procedure 4(m) and continued the initial case management conference to July 14, 2016. (Order, ECF No. 16.)

## ANALYSIS

Under Federal Rule of Civil Procedure 4(e), a plaintiff may serve an individual defendant under any method permitted by the law of the state in which the district court is located or in which service is affected. California law allows for five basic methods of service: 1) personal delivery to the party, *see* Cal. Civ. Proc. Code § 415.10; 2) delivery to someone else at the party's usual residence or place of business with mailing after (known as "substitute service"), *see id.* § 415.20; 3) service by mail with acknowledgment of receipt, *see id.* § 415.30; 4) service on persons outside the state by certified or registered mail with a return receipt requested, *see id.* § 415.40; and 5) service by publication, *see id.* § 415.50. Here, Pacific Bell tried to serve Mr. Zhao dozens of times by a number of methods, including stakeouts and private investigation.

Federal Rule of Civil Procedure 4(h)(1)(A) allows service of process to corporations and other business entities in the same ways permitted by Rule 4(e), including all methods allowed by state law. Under California law, a court may order that service be made on a corporation by hand-delivery of process and the order authorizing such service to the Secretary of State. Cal. Corp. Code § 1702(a). The plaintiff must show by affidavit that process against a domestic corporation cannot be served with reasonable diligence pursuant to California Code of Civil Procedure § 416.10 and California Corporations Code § 1701. *Id.* The issue now is whether substitute service to Mr. Zhao by email and/or publication and to 88 Connection by the Secretary of State is appropriate.

California Code of Civil Procedure § 413.30 provides that a court "may direct that summons be served in a manner which is reasonably calculated to give actual notice to the party served." To comport with due process, the method of service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

**1. Email service**

Courts have authorized service of process by email on domestic litigants in similar cases. In *Facebook, Inc. v. Banana Ads, LLC*, the court authorized email service as a reasonably calculated method to effect service of process. 2012 WL 1038752, *3 (N.D. Cal. March 27, 2012). There, the defendants were "involved in commercial internet activities, . . . registered internet domain names . . . for commercial purposes, [and] rel[ied] on email as a means of communication." *Id.* The plaintiff there unsuccessfully attempted to "locate and contact [the defendants] by postal mail and telephone." *Id.* Under the circumstances, email service was "the best method for providing actual notice to [the defendants]." *Id.*

In a similar case in which the defendant evaded service, the court also authorized email service. *See Aevoe Corp. v. Pace*, Case C 11-3215, 2011 WL 3904133 at *2 (N.D. Cal September 6, 2011). In *Aevoe*, the plaintiff attempted to serve the defendant by personal service, certified mail, emailing a cease-and-desist letter, calling the defendant on the phone, and hiring a private investigator. *Id.* The court there found that, through these methods, the plaintiff "made reasonable and diligent attempts to serve [the defendant] by both personal and substitute service." *Id.*

Here, service by email is reasonably calculated to give actual notice to Mr. Zhao. Mr. Zhao stated in a deposition that he uses the charliezhao88@gmail.com address for personal matters. (Selin Decl. at 31.) Mr. Zhao also stated that he used the Charlie@88card.com address for business matters. (*Id.*) Pacific Bell has, moreover, made reasonably diligent efforts to serve Mr. Zhao by attempting personal service on many occasions, following leads at other addresses, conducting stakeouts, and hiring a private investigator. (*Id.* at 3-5, ¶¶ 5-6, 8.) Methods of

ORDER (No.  15-cv-04554-LB)                4

attempted service used in other cases, such as certified mail, would not be effective here because Pacific Bell determined through their investigation that Mr. Zhao was not physically present at his home or business addresses. (*See id.* at 4, ¶¶ 8-9.) Because Mr. Zhao has acknowledged use of these email addresses but continues to evade Pacific Bell's efforts at service, email service is reasonably calculated to give notice of the proceeding.

By running a free online search, the court determines that the internet domain 88card.com may no longer be owned by Mr. Zhao. Because this puts into doubt the effectiveness of service sent to one of the two email addresses Mr. Zhao admitted to using, the court orders Pacific Bell to serve process to Mr. Zhao by email to a number of addresses found in the record of the judgment debtor proceeding. Sending emails to multiple addresses does not increase the amount of effort necessary to effect service by email. Pacific Bell should serve Mr. Zhao by emailing the summons and complaint to the following email addresses: charliezhao88@gmail.com; Charlie@88card.com; charlie@fasttone.com; zhaogang@pacbell.net; and charles_zhao@hotmail.com.

**2. Service by publication**

Service by publication is acceptable under California law "only as a last resort." *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333 (1978). It should occur only when "the party . . . cannot with reasonable diligence be served in another manner . . . ." Cal. Civ. Proc. Code § 415.50(a). Because the court is permitting service by email, service to Mr. Zhao by publication is not necessary here.

**3. Service through Secretary of State**

Pacific Bell seeks to serve 88 Connection through the California Secretary of State. The court finds that Pacific Bell has asserted reasonable diligence in trying to give 88 Connection actual notice of the pendency of the action. California Corporations Code § 1702(a) requires an affidavit stating that the corporation cannot be served with reasonable diligence. Pacific Bell fulfilled this requirement. Similar to their attempts to serve Mr. Zhao in his individual capacity, Pacific Bell conducted stakeouts, attempted personal service at the business address on record, and followed leads by their private investigator to find Mr. Zhao, who is the sole agent on record with the Secretary of State's business registration for 88 Connection. (Selin Decl., Exh. E at 27.) Pacific Bell may serve 88 Connection by hand-delivering the summons and complaint and a copy of this

ORDER (No. 15-cv-04554-LB)    5

order to the California Secretary of State. *See* Cal. Corp. Code § 1702(a). "Service in this manner is deemed complete on the 10th day after delivery of the process to the Secretary of State." *Id.*

### CONCLUSION

The court grants Pacific Bell's application for alternative service of process by email and through the Secretary of State. Pacific Bell may use the five email addresses listed above to serve process on Mr. Zhao in his individual capacity and serve process on 88 Connection through the California Secretary of State.

**IT IS SO ORDERED.**

Dated: March 14, 2016

_____
LAUREL BEELER
United States Magistrate Judge